TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00324-CR







Kenneth Hill, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0923570, HONORABLE BOB JONES, JUDGE PRESIDING







PER CURIAM



 The district court found appellant guilty of aggravated kidnapping and aggravated assault. 
Tex. Penal Code Ann. § 20.04(a)(3) (West 1994); Act of May 27, 1991, 72d Leg., R.S., ch. 334,
§ 2, 1991 Tex. Gen. Laws 1380, 1381 (Tex. Penal Code Ann. § 22.02(a)(4), since amended). 
The court assessed punishment for each offense, enhanced by two previous felony convictions,
at imprisonment for thirty years.

 Appellant's court-appointed attorney filed a brief in which he concludes that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by advancing five contentions which counsel says might arguably support the appeal. 
See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex. Crim.
App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State, 516 
S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
We have examined each of these points and agree with counsel that reversible error is not
presented. Further discussion of these points would serve no useful purpose. Points of error one
through five in counsel's brief are overruled.

 Appellant filed a pro se brief. In his first point of error, appellant complains that the
district court imposed sentence without allowing him ten days to file a motion for new trial. 
Appellant relies on former article 40.05 of the Code of Criminal Procedure, which was repealed
in 1986. Point of error one is overruled.

 Appellant's second point of error is that the warrant for his arrest was issued without
probable cause. This argument was not presented to the district court. Point of error two is
overruled.

 In point of error three, appellant contends the State withheld exculpatory evidence. The
evidence to which appellant refers is a written statement the complaining witness said he gave to
the police. The statement does not appear in the record. There is nothing in the record to support
appellant's contention that this statement was exculpatory or that it was withheld from the defense. 
Point of error three is overruled.

 In his fourth point of error, appellant urges that the State reversibly erred by failing to
disclose an agreement it made with the complaining witness. Again, there is nothing in the record
to support appellant's claim that this agreement was not disclosed. Point of error four is
overruled.

 Next, appellant contends the search of his car was unlawful and photographs taken during
the search should have been suppressed. No motion to suppress was filed and no objection to the
evidence was voiced at trial. Point of error five is overruled.

 In point of error six, appellant contends the State committed fundamental error by failing
to correct perjured testimony by a police officer. The complainant testified that he gave a
statement to the officer. The officer later testified that he did not remember taking a statement
from the complainant. As previously noted, it cannot be determined from the record whether such
a statement exists. The officer has not been shown to have been mistaken in his testimony, much
less to have perjured himself. Point of error six is overruled.

 Appellant's penultimate point of error complains of ineffective assistance by trial counsel. 
Several of the complaints appellant brings forward concern counsel's alleged failure to interview
witnesses and otherwise adequately prepare for trial. None of these contentions is supported by
evidence. Appellant's remaining complaints are directed to counsel's performance at trial. We
have reviewed the trial record and find no evidence that counsel's performance was outside the
range of reasonable professional assistance. Point of error seven is overruled.

 Finally, appellant complains of improper jury argument by the prosecutor. In his remarks
to the court prior to the finding of guilt, the prosecutor mentioned appellant's criminal record. 
Appellant points out that, at that time, evidence of his previous convictions had not been admitted. 
There was no objection to the prosecutor's statement, which we find does not rise to the level of
fundamental error. Point of error eight is overruled.


 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: February 15, 1995

Do Not Publish